No. 04-687

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 78N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DANIEL TODD COLLINS,

Defendant and Appellant.

APPEAL FROM:     The District Court of the Fourth Judicial District,
In and For the County Missoula, Cause No.  DC 97-12467,
Honorable John S. Henson, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Lisa B. Kauffman, Attorney at Law, Missoula, Montana

For Respondent:

Honorable Mike McGrath, Attorney General; Jim Wheelis,
Assistant Attorney General, Helena, Montana

Fred Van Valkenburg, County Attorney, Missoula, Montana

Submitted on Briefs:   January 31, 2006

Decided:   April 18, 2006

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     On October 11, 2001, Daniel Todd Collins was released on parole. Collins completed his parole term on June 18, 2003, at which time he commenced probation for the suspended portion of his sentence. In August 2003, Collins was incarcerated for a suspected violation of probation. The probationary report filed a few days later alleged that Collins had violated the terms of his probation in several respects by: consuming prohibited substances; failing to comply with treatment; and starting a business without permission. Some of the incidents alleged occurred while Collins was on parole, before he began probation.

¶3     The first issue Collins raises on appeal is whether the District Court properly relied, in part, on violations previously addressed while he was on parole when revoking Collins's suspended sentence. Since Collins did not raise this issue to the District Court, he has waived it on appeal and we decline to address it. "It is well-established that this Court will not address either an issue raised for the first time on appeal or a party's change in legal theory." *State v. Wetzel*, 2005 MT 154, ¶ 13, 327 Mont. 413, ¶ 13, 114 P.3d 269, ¶ 13 (citations omitted).

1

¶4    Collins also argues that the State failed to prove by preponderance of the evidence that he violated probation and that the delayed hearing date did not meet the requirements of due process.

¶5    It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶6    We affirm the judgment of the District Court.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JOHN WARNER